D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs and proposed FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
**ALLEN THOME, on behalf himself and others similarly situated,**

        **Plaintiffs,**

     v.

**80 ENTERPRISES, INC. d/b/a KILLARNEY ROSE and JOHN MORAN,**

        **Defendants.**
---------------------------------------------------------x

**CASE NO.**

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. This Court has general personal jurisdiction over this case because Defendants' headquarters and principal place of business are located in this jurisdiction and in this Judicial District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in this District, conduct business in this District, and a substantial part of the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

4. Defendant 80 Enterprises, Inc. d/b/a/ Killarney Rose ("Killarney Rose") is a corporation organized and existing under the laws of the State of New York that owns and operates the Killarney Rose bar in downtown Manhattan.

5. Defendant John Moran is the owner and operator of Killarney Rose and actively manages Killarney Rose. Defendant Moran hires and fires employees, including Plaintiff, set employee pay rates, set employee schedules, and set the terms of conditions of employees' employment at the Restaurant.  He is fact regularly present at the restaurant to carry out these functions.

6. Plaintiff Allen Thome was employed by Defendants as a bartender at Killarney Rose from approximately March 2022 to June 2022.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

7. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees that Defendants employed at Killarney Rose on or after the date that is three years before the filing of the Original Complaint in this case as defined here ("FLSA Collective Plaintiffs").

8. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs,

practices, procedures, protocols, routines, and rules willfully retaining tips. The claims of Plaintiff for FLSA minimum wage and overtime violations, as stated herein, are essentially the same as those of the other FLSA Collective Plaintiffs.

9. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

10. Defendants committed the foregoing acts willfully, and against Plaintiffs and the FLSA Collective Plaintiffs.

11. Defendants own and operate a restaurant named Killarney Rose in Downtown Manhattan.

12. Plaintiff worked as bartender for Defendants from March 2022 until June 2022.

13. Each night that Plaintiff worked, Defendants retained about $30 of his earned tips.

14. Defendants failed to give Plaintiff a Notice and Acknowledgment of Pay Rate when Plaintiff began his employment, in violation of NYLL § 195.

15. Defendants paid Plaintiff pursuant to New York's foodservice minimum wage, which is lower than the regular minimum wage. Defendants were not entitled to do so, because they did not give Plaintiff appropriate notice of the tip credit.

16. The weekly paystubs that Defendants provided Plaintiff did not accurately state the tips that Plaintiff earned during each period, as they did not include the money that Defendants retained.

17. Defendants committed the foregoing acts against Plaintiffs and FLSA Collective Members.

**FIRST CLAIM FOR RELIEF**
**FLSA Minimum Wage Violations, 29 U.S.C. § 203**
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**

18. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

19. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

20. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained the tips of Plaintiffs and the other FLSA Collective Plaintiffs.

21. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the FLSA Collective Plaintiffs seek damages in the amount of their unpaid compensation, liquidated (double) damages as provide by the FLSA for minimum wage violations, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York Minimum Wage Violations, N.Y. Lab. Law § 650, *et seq.***
**Brought by Plaintiffs on Behalf of Themselves and the Opt-In Plaintiffs**

22. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

23. Defendants knowingly paid Plaintiffs and the Opt-In Plaintiffs less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

24. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**Illegal Deductions from Gratuities, N.Y. Lab. Law § 196-d**
**Brought by Plaintiffs on Behalf of Themselves and the Opt-In Plaintiffs**

25. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

26. Defendants illegally misappropriated Plaintiffs' and the Opt-In Plaintiffs' tips and required them to share tips with tip-ineligible employees.

27. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. L. § 198.

### FOURTH CLAIM FOR RELIEF
**Wage Notice and Wage Statement Violations, N.Y. Lab. Law §§ 195, 198**
**Brought by Plaintiffs on Behalf of Themselves and the Opt-In Plaintiffs**

28. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

29. Defendants did not provide Plaintiffs and the Opt-In Plaintiffs with the notices/wage statements required by N.Y. Lab. Law § 195.

30. As a result of Defendants' unlawful conduct, Plaintiffs and the Opt-In Plaintiffs are entitled to an award of damages and penalties pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Members, pray for relief as follows:

- A. Designation of this action as a collective action;
- B. Designation of Plaintiffs as Representatives of the Collective;
- C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;
- D. An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;
- E. Penalties available under applicable laws;
- F. Costs of action incurred herein, including expert fees;
- G. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;
- H. Pre-judgment and post-judgment interest, as provided by law; and
- I. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
       July 11, 2022

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: <u>/s/ D. Maimon Kirschenbaum</u>  
    D. Maimon Kirschenbaum  
    Michael DiGiulio  
    32 Broadway, Suite 601  
    New York, NY 10004  
    Tel: (212) 688-5640  
    Fax: (212) 981-9587

*Attorneys for Named Plaintiffs and proposed FLSA Collective Plaintiffs*